No. 381

McCLURE MOTOR CO. v. HOUCK

Ohio Appeals, 9th Dist., Summit Co.

No. 1075.   Decided Feb. 8, 1926

480.   EVIDENCE—Where suit is between party to contract and a stranger thereto, parol evidence is admissible.

456.   EMPLOYER AND EMPLOYEE—If Motor Co. agrees, as part of transaction of sale of automobile, that it is to teach purchaser how to drive, and assign an employee to teach said purchaser, such employee was acting for the Motor Co. and within his scope of employment, if when accident occurs such employee is driving said car.

WASHBURN, J.

One Ruffin purchased an automobile from the McClure Motor Co. and when the car was delivered, the company directed one of its employees to accompany Ruffin in the car and teach him to drive same. While performing said service and while the car was being driven by the employee there was a collision between the said machine and another, in which Addie Houck was riding.

Houck brought suit against the McClure Co. in the Summit Common Pleas to recover damages for the injuries she sustained; and the case resulted in a verdict and judgment for the said Houck.

Error was prosecuted by the Motor Co. and the question of its liability dependant upon the question arose, whether or not the employe was engaged in the business of his employer and acting within the scope of his employment when the accident occured. Houck declared that as part of the purchase and sale transaction the company agreed to teach Ruffin to drive the car and that the employe was engaged in carrying out said agreement under the specific order of the company. The company denied it was part of the agreement that it should teach the purchaser to drive the car and claimed that the transaction amount simply to a loan of its servant to the purchaser. The Court of Appeals held:

1. The contract was silent upon the subject of teaching the purchaser to drive the car and when oral evidence was offered to prove that as part of the agreement the company agreed to teach Ruffin to drive the car, objection was made on the ground that it varied the terms of a written instrument.

2. The rule that parol testimony is not competent to vary the terms of a written contract, applies only to controversies between the parties to the contract and to their privies.

3. Where the suit is between third persons, strangers to the contract, or between a party to the contract and a stranger, such evidence is admissible.

4. If as a part of the transaction of sale the Motor Co. agreed to teach the purchaser to drive, then said employe at the time of the accident was acting for the Motor Co.

5. The jury found, under the instructions which the Motor Co. conceded to be correct, that such purchaser, who, to the knowledge of the Motor Co., did not know how to drive the car, was to be taught to drive by the Motor Co.

Judgment affirmed.

Attorneys—Musser, Kimber & Huffman for McClure Motor Co.; Smoyer, Clinedinst & Smoyer and Slaybaugh, Young, Seiberling, Huber & Guinther for Houck; all of Akron.